UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL WOOD,                                  CASE NO.:

    Plaintiff,

v.

THE JOHNSON GROUP, INC.,
a Florida Profit Corporation,

    Defendant.
_____/

**COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiff, MICHAEL WOOD ("Plaintiff" or "Mr. Wood"), by and through undersigned counsel, files this Complaint against Defendant, THE JOHNSON GROUP, INC. ("Defendant" or "TJG"), and states as follows:

**NATURE OF THE SUIT**

1. This action is brought under the Fair Labor Standards Act ("FLSA") to recover from Defendant overtime compensation, liquidated damages, declaratory relief, reasonable attorneys' fees and costs, and any other damages permitted by law.

**PARTIES, JURISDICTION, AND VENUE**

2. Mr. Wood was an employee who performed services on behalf of Defendant in Volusia County, Florida.

3. TJG is a Florida profit corporation located in New Smyrna Beach, Florida, and which, at all times relevant, performed work in Volusia County, Florida.

4. Jurisdiction is proper in this Court, as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*, hereinafter "FLSA"),

1

to recover unpaid overtime wages, an additional equal amount as liquidated damages, to obtain declaratory relief, and reasonable attorneys' fees and costs.

5. Venue is proper in this Court, as the actions giving rise to this lawsuit occurred in Volusia County, Florida.

## FLSA COVERAGE

6. At all times material hereto, Defendant was, and continues to be an "employer" within the meaning of 29 U.S.C. § 203(d).

7. At all times material hereto, Plaintiff was a resident of Volusia County, Florida.

8. At all times material hereto, Plaintiff was an "employee" within the meaning of the FLSA.

9. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

10. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" or in the production of goods for commerce as defined by the FLSA.

11. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

12. At all times material hereto, Defendant was primarily engaged in operating a home-building company in Volusia County, Florida.

13. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of § 6 and § 7 of the FLSA, but not for purposes of the Motor Carrier Act.

14. At all times material hereto, Plaintiff was engaged in the "production of

goods for commerce" and subject to the individual coverage of the FLSA, but not for purposes of the Motor Carrier Act.

15. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as concrete, cement, lumber, etc., but which had come to rest within its warehouse location and construction sites in Volusia County, Florida.

16. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant, in that Defendant could not operate its business without Superintendents like Plaintiff.

## FACTUAL ALLEGATIONS

17. Mr. Wood worked for Defendant under the titles of Laborer, Painter, Drywall Repair, Customer Service Representative, and "Superintendent," from September 13, 2019, until his separation from Defendant on March 25, 2020.

18. TJG designated Mr. Wood a Superintendent, and continued to designate him as such until his aforementioned separation.

19. Throughout his time with TJG, Mr. Wood was paid a fixed salary per week, and was not paid any overtime no matter how many hours in excess of forty (40) he worked in a given week.

20. Mr. Wood always worked in Volusia County, Florida, and nearby/adjacent counties, and his activities were at all times controlled and closely supervised by Defendant's managers and supervisors.

21. Mr. Wood had no authority to hire or fire employees of TJG.

22. Mr. Wood had no authority to discipline employees of TJG.

23. Mr. Wood had no authority to set rates of pay for other employees or agents of TJG.

24. Mr. Wood had no input into performance reviews of other employees or agents of TJG.

25. All of Mr. Wood's major decisions had to be cleared in advance by one of TJG's supervisors.

26. Mr. Wood was closely monitored by TJG's managers and supervisors at all times.

27. Mr. Wood followed procedures established by TJG and did exactly as he was instructed to do.

28. Mr. Wood's primary duties were to perform labor, repair drywall, paint, and provide customer service.

29. The primary value that TJG placed on Mr. Wood was his services as a laborer; his "managerial" duties were limited or nonexistent, and of secondary value to TJG.

30. Throughout Plaintiff's employment, Defendant regularly required Plaintiff to work in excess of forty (40) hours per week.

31. Defendant paid Plaintiff a salary of $900.00 per week during his first sixty (60) days of employment, and $1,000.00 per week thereafter, until his separation from Defendant.

32. Plaintiff regularly worked forty-four (44) or more hours per week for Defendant during his employment with Defendant.

33. Defendant failed to pay Plaintiff full and proper overtime compensation for all hours worked over forty (40) per week during his employment with Defendant.

34. When Plaintiff worked more than forty (40) hours in a given work week, Defendant failed to properly pay him for all overtime hours worked.

35. Defendant routinely failed to pay Plaintiff anything at all for overtime hours that he worked during his employment.

36. Plaintiff should have been compensated at the rate of one-and-one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA, throughout his employment.

37. Defendant violated Title 29 U.S.C. §207 in that:

(a) Plaintiff worked in excess of forty (40) hours in one or more workweeks for his period of employment with Defendant;

(b) No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one-and-one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

(c) Defendant failed to maintain proper time records as mandated by the FLSA.

38. Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

39. Prior to violating the FLSA, Defendant did not consult with the Department of Labor to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

40. Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

41. Based on the allegations in Paragraphs 38-40, above, Plaintiff is entitled to liquidated damages, as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

42. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

43. Plaintiff reincorporates and re-alleges paragraphs 1 through 42 of the Complaint as though set forth fully herein, and further alleges as follows:

44. Plaintiff is entitled to be paid time-and-one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

45. During Plaintiff's employment with Defendant, Plaintiff regularly worked overtime hours, but was not paid full and proper time-and-one-half compensation for all hours worked.

46. Plaintiff was not an exempt employee as defined by the FLSA, no matter Defendant's characterization or misclassification, and was instead a non-exempt employee as defined by the FLSA.

47. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time-and-one-half his regular rate of pay for each hour worked

in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages, in addition to incurring reasonable attorneys' fees and costs.

48. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendant, and that this Court:

  a. Declare, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

  b. Award Plaintiff overtime compensation in the amount due to him for time worked in excess of forty (40) hours per work week;

  c. Award Plaintiff liquidated damages in an amount equal to the overtime award;

  d. Award Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

  e. Award Plaintiff pre-judgment interest; and order any other and further relief that the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right.

DATED this 6th day of November, 2020.

Respectfully submitted,

*/s/ Alexander T. Harne*
Alexander T. Harne, Esq.
Florida Bar No. 126932
RICHARD CELLER LEGAL, P.A.
10368 W. State Rd 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail:
aharne@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*